332 F.2d 107
 Joseph C. BENTLEY, Plaintiff,
v.
The PALMER HOUSE COMPANY, a Corporation, and Hilton Hotels Corporation, a Corporation, Defendants.
The PALMER HOUSE COMPANY, a Corporation, and Hilton Hotels Corporation, a Corporation, Third-Party Plaintiffs-Appellants,
v.
BASIC FOOD MATERIALS, INC., a Corporation, Third-Party Defendant-Appellee.
 No. 14512.
 United States Court of Appeals Seventh Circuit.
 May 11, 1964.
 
 Thomas C. Kearns, John M. Moelmann, Richard G. French, Chicago, Ill., for the Palmer House Co., a corporation and Hilton Hotels Corp., a corporation.
 Richard J. Walsh, Alan S. Ganz, Robert O. Case, Chicago, Ill., for Basic Food Materials, Inc., a corporation.
 Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.
 HASTINGS, Chief Judge.
 
 
 1
 This appeal arose out of a diversity action by Joseph C. Bentley, a citizen of Florida, against third party plaintiffs, The Palmer House Company, an Illinois corporation, and Hilton Hotels Corporation, a Delaware corporation (appellants). Appellants filed a third party complaint against third party defendant Basic Food Materials, Inc. (appellee). The district court entered judgment in favor of appellee and against appellants on the pleadings. Appellants appealed.
 
 
 2
 Appellee entered into an agreement with appellants whereby appellee obtained a display booth, for purposes of participation in the Basic Food Materials Convention, in the Exhibition Hall of the Palmer House, 15 E. Monroe Street, Chicago, Illinois.
 
 
 3
 The agreement contained inter alia, the following clause:
 
 
 4
 "Liability: The exhibitor [appellee] agrees to indemnify and hold harmless both the Palmer House and Hilton Hotels Corporation [appellants] from and against any and all liability and expenses for personal injury and property damage or loss arising from or out of the use by the exhibitor of its exhibit space or its activity in connection herewith."
 
 
 5
 Bentley, an employee of appellee, was allegedly injured, while acting within the scope of his employment, by the collapse of a display table in the booth of appellee.
 
 
 6
 Appellant Hilton Hotels Corporation admitted that it owned the display table and that it operated and maintained the premises where the alleged injury occurred.
 
 
 7
 Appellants filed a third party complaint against appellee, based solely upon the above-quoted indemnity clause.
 
 
 8
 In the third party action, each party moved for judgment on the pleadings. It was agreed that no facts were in controversy and that the only contested issue was whether the indemnification clause obligated appellee to indemnify appellants with respect to Bentley's alleged cause of action.
 
 
 9
 The district court, in entering judgment for appellee, held the agreement between appellants and appellee to be a "lease of real property" and that the indemnification clause contained therein was unenforceable under Illinois law. The district court relied upon Ill.Rev. Stat. ch. 80, § 15a (1959) which provides as follows:
 
 
 10
 "15a. Provisions of lease or rental agreement pertaining to non-liability of lessor.] § 1. Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property, except those business leases in which any municipal corporation, governmental unit, or corporations regulated by a State or Federal Commission or agency is lessor or lessee, exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable." (Emphasis added.)
 
 
 11
 The district court held, in the alternative, assuming the indemnity clause to be valid and enforceable, that it was not broad enough to indemnify appellants against their own negligence.
 
 
 12
 We do not agree with these holdings of the district court.
 
 
 13
 Appellants argue that the contract did not create a lease, as required by the Illinois statute, supra, rather it resulted in a license for appellee to use exhibition space. Although appellants did not raise this issue in the district court by their pleadings, appellee conceded in oral argument, and we hold, that the holding of the district court, supra, puts this issue before us on appeal.
 
 
 14
 The leading Illinois case on the distinction between a lease and license is said[1] to be Holladay v. Chicago Arc Light & Power Co., 55 Ill.App. 463, 466-467 (1894). South Center Dept. Store v. South Pky. Bldg. Corp., 19 Ill.App.2d 61, 66, 153 N.E.2d 241, 243 (1958) quotes from Holladay in part as follows:
 
 
 15
 "`Whether a tenancy is created or not depends upon the intention of the parties, although this intention must in most cases be inferred from the circumstances which attend the case. "In general, the question of possession will determine the matter." Alwood v. Ruckman, 21 Ill. 200; see, also Gunning Co. v. Cusack, 50 Ill. App. 290.
 
 
 16
 "`"An instrument that merely gives to another the right to use premises for a specific purpose, the owner of the premises retaining the possession and control of the premises, confers no interest in the land and is not a lease, but a mere license." Wood's Landlord and Tenant, sec. 227.
 
 
 17
 "`A lease possesses the property of passing an interest in the land, and partakes of the nature of an estate. Taylor's Landlord and Tenant, sec. 14.
 
 
 18
 "`A license is an authority to do some act on the land of another, without passing an estate in the land, and "being a mere personal privilege, it can only be enjoyed by the licensee himself, and is not therefore assignable so that an under tenant can claim privileges conceded to to a lessee." Ibid., sec. 237a.
 
 
 19
 "`Exclusive possession is essential to the character of a lease. Central Mills [Co.] v. Hart, 124 Mass. 123.'"
 
 
 20
 In the instant case, appellee obtained the use of booth number 180 in the Exhibition Hall of the Palmer House for the purpose of displaying exhibits during the American Meat Institute Convention from September 16 through September 20, 1960.
 
 
 21
 Appellee did not obtain exclusive possession of a designated space which it could assign. Rather, appellee merely had the right to use the booth space for display purposes only. Appellants retained possession and control of the premises. We hold that the contract gave appellee merely a license to use the booth for the intended purpose and the indemnity clause of the contract was not unenforceable under Illinois law.
 
 
 22
 A "lease of real property," as set out in the statute, supra, is but another form of a conveyance of real estate. The privilege granted appellee under the language of the agreement in question does not have the characteristics of a conveyance of real estate. At best, it must be said to be a license to use a small amount of floor space designated as "Booth No. 180" on the fourth floor of the Palmer House hotel for a period of five days for display purposes.
 
 
 23
 In the alternative, the district court held that "the indemnification clause does not contain clear and explicit language covering the defendants' [appellants] liability resulting from their own negligence. In the absence of such clear and explicit language an indemnity contract will not be construed as indemnifying one against his own negligence. Westinghouse Elec. Elevator Co. v. La Salle Monroe Bldg. Corp., 395 Ill. 429, 433, 70 N.E.2d 604, 607 (1947)."
 
 
 24
 The law in Illinois concerning construction of indemnity contracts has been stated as follows:
 
 
 25
 "`An indemnity contract or contract provision is to be construed like any other contract, and the primary rule of construction is to seek to ascertain the intention of the parties as revealed by an examination of the entire contract * * *. Unless a contract is ambiguous, its meaning must be determined from the words used * * *, and in construing a contract which purports on its face to be a complete expression of the entire agreement, courts will not add thereto another term about which the agreement is silent * * *. Courts are not authorized to make contracts for the parties but must construe them as written. A contract must be given a fair and reasonable interpretation, and from the entire contract, as expressed in the language used and considered in the light of the circumstances under which it was made, the court must ascertain the intent of the parties * * *.
 
 
 26
 * * * * * *
 
 
 27
 "`A contract is to be construed as a whole, given [sic] meaning and effect to every provision and word, if possible, since it will be presumed that everything in the contract was inserted deliberately and for a purpose * * *.'" De Tienne v. S. N. Nielsen Company, 45 Ill.App.2d 231, 233-234, 195 N.E.2d 240, 242-243 (1963), quoting from Gay v. S. N. Nielsen Company, 18 Ill.App.2d 368, 374, 376, 152 N.E.2d 468, 471-473 (1958).
 
 
 28
 We feel that the district court's reliance upon Westinghouse Elec. Co. v. La Salle Monroe Bldg. Corp., 395 Ill. 429, 70 N.E.2d 604 (1947), is misplaced.
 
 
 29
 In that case, the indemnity contract read as follows:
 
 
 30
 "The contractor agrees to provide and pay compensation for injuries sustained by any of his employees arising out of or in the course of employment on the within mentioned building, * * * and further agrees to carry insurance * * * fully protecting * * * the Owner against claims which may be made * * *.
 
 
 31
 "The contractor further agrees to indemnify and hold the owner * * * wholly harmless from * * * suit by any person * * * arising out of any acts or omissions by the Contractor * * *." (Emphasis added.) Id. 395 Ill. at 431, 432, 70 N.E.2d at 606.
 
 
 32
 The Illinois Supreme Court, in holding that the contract did not indemnify the owner against its own negligence, said:
 
 
 33
 "The language of the second quoted paragraph of the contract is plain and unambiguous. Appellee agreed to indemnify and hold appellant, * * * wholly harmless from any damages, claims, demands or suit by any person, arising out of any acts or omissions by appellee * * * in the course of any work done in connection with any matters set out in the contract.
 
 
 34
 "It seems clear that by such language the agreement to indemnify appellant was specifically limited to acts or omissions by appellee * * *. Any other construction would require the addition of words not used and add thereto conditions and terms about which the contract is silent." (Emphasis added.) Id. 395 Ill. at 433, 70 N.E.2d at 606, 607.
 
 
 35
 The court further stated "[i]t is quite generally held that an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract." Ibid.
 
 
 36
 The contract in the instant case states that appellee will indemnify appellants against "any and all liability and expenses for personal injury * * * arising from or out of the use by * * * [appellee] of its exhibit space or its activity in connection herewith." (Emphasis added.) This language is clear, explicit and unambiguous and demonstrates to our satisfaction that the intention of the parties was to provide indemnity for appellants against their own negligence. See De Tienne v. S. N. Nielsen Company, 45 Ill.App.2d 231, 195 N.E. 2d 240 (1963).
 
 
 37
 We hold that the district court erred in its narrow construction of the indemnity agreement in question.
 
 
 38
 The judgment of the district court is reversed and this cause is remanded to the district court for further proceedings not inconsistent with this opinion.
 
 
 39
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 South Center Dept. Store v. South Pky. Bldg. Corp., 19 Ill.App.2d 61, 66, 153 N.E.2d 241, 243 (1958)