John HALVERSON, Plaintiff-Appellee,

v.

CAMPBELL SOUP COMPANY, Defendant-Third-Party Plaintiff-Appellant,

and

WOLFES–JENSEN COMPANY, Third-Party Defendant-Appellee.

No. 15527.

United States Court of Appeals Seventh Circuit.

Jan. 5, 1967.

Rehearing Denied April 18, 1967.

Herbert L. Caplan, Chicago, Ill., for defendant, third-party plaintiff, appellant, Michael J. Polelle, Chicago, Ill., of counsel.

John A. Doyle and Hugh J. McCarthy, Chicago, Ill., for plaintiff-appellee.

Bernard Harrold, Jon R. Waltz, Chicago, Ill., for third-party defendant-appellee, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Halverson had verdict and judgment for $14,500.00 in this personal injury diversity action against Campbell Soup Company. In Campbell's third-party action the district court directed a verdict for Wolfes-Jensen Company, Campbell's alleged indemnitor, and entered judgment accordingly. Campbell has appealed from both judgments. We reverse the judgment in favor of Halverson and vacate the judgment in favor of Wolfes-Jensen Company.

The injuries to Halverson, a construction laborer for Wolfes-Jensen, were suffered in Campbell's plant on November 1, 1960, after he had delivered a truckload of tools and equipment for use in the construction work being done by Wolfes-Jensen in the plant under its contract with Campbell. Halverson parked the truck and was on his way to the fourth floor, site of the work, when struck by a forklift truck being operated in the first-floor storage area by a Campbell employee. Halverson returned to work for Wolfes-Jensen several months later, working until December, 1962. He was thereafter employed by several other construction companies, including the Campbell, Lowrie and Lautermilch Company.

I

Halverson testified that following his injury he walked with a limp, was unable to do heavy construction labor and had left several jobs because of his condition. His wife and his foreman at Wolfes-Jensen at the time of the injury corroborated this testimony. Campbell, to meet this testimony, called Schuth, the construction superintendent at Campbell, Lowrie and Lautermilch, to testify with respect to the work Halverson was doing under Schuth's supervision.

Halverson objected to the witness testifying on the ground of surprise because his name was not disclosed in discovery. Campbell's attorney made an offer of proof that Schuth, if permitted, would testify that Halverson was doing the same heavy construction labor as other laborers under Schuth's supervision, that he did not have special light duty and did not claim or appear to be "tired or strained" in the work.

The court excluded Schuth's testimony on the ground that Campbell knew for a year where Halverson was working, could have learned of Schuth as a witness and could have given notice to Halverson of the "existence of this witness."

Halverson had served no interrogatories asking Campbell to name persons having knowledge of the facts. He relied upon an interrogatory of Wolfes-Jensen which asked Campbell that question in discovery. He also relied upon an answer he gave, to Campbell's pre-trial interrogatory, that he was then working for Campbell, Lowrie and Lautermilch, thus, he says, giving Campbell no excuse for not having found the witness earlier. Campbell stated that it had no knowlege of its need of Schuth's testimony until the Halverson testimony of "lost time," and that Halverson knew of this witness because he worked under him. The court in ruling found no bad faith on Campbell's part.

We hold that the discretionary sanctions of Fed.R.Civ.P. 37 are inapplicable where the objecting party has made no use (with respect to the evidence objected to) of the discovery procedures provided in the Federal Rules. The Rule 37(b)(2) sanctions provided for refusal or failure to answer Rule 33 interrogatories may be imposed only when a party "refuses to obey an order made under subdivision (a) * * * requiring him to answer designated questions * * *." Fed.R.Civ.P. 37(b)(2).[1] See Wembley, Inc. v. Diplomat Tie Co., 216 F.Supp. 565, 572–574 (D.Md.1963). The other provision concerning failure to comply with Rule 33 discovery procedures is subdivision (d) of Rule 37. The extreme sanctions there [2] may be applied (with respect to Rule 33) only when a party wilfully fails to serve answers to properly served interrogatories. Even though Rule 37 is not applicable in the case before us, there is no doubt that apart from that rule a district court has discretionary power to conduct a fair and orderly trial. In the circumstances before us, the court had discretion to take some action to avoid prejudice to Halverson even though he had not taken advantage of discovery procedures. But we think the exclusion of Schuth was an abuse of this discretion. We think the district court should have used an alternative means to insure a fair trial, because of Halverson's failure to request discovery of persons having knowledge of the facts,[3] Campbell's good faith, the importance of Schuth as a witness and the at least constructive knowledge by Halverson that his supervisor had knowledge bearing on his claim of disability. A recess to allow Halverson to take Schuth's deposition and make a reasonable investigation would have protected Halverson from prejudice while preserving Campbell's rights.

We hold that Halverson's verdict against Campbell must be reversed and the case remanded for a new trial because the district court abused its discretion in excluding the testimony of witness Schuth.

## II

The district court granted Wolfes-Jensen's motion for directed verdict on the ground that "this man wasn't in the performance of work. He was walking along on Campbell Soup Company's premises." Campbell's motion for directed verdict was denied.

The issues on this question are whether Halverson's injury arose from the work to be performed by Wolfes-Jensen, and whether under Illinois law the indemnity clause here covers liability resulting from Campbell's negligence.

We think we should decide these issues notwithstanding the reversal of the judgment underlying the third-party complaint. The indemnity agreement provides that Wolfes-Jensen "shall indemnify, defend and hold us harmless from all claims, liabilities and damages aris-

---

1. Rule 37(a) provides that upon the refusal of a party to answer any interrogatory submitted under Rule 33 the proponent of the question may, upon reasonable notice to persons affected, apply to the court for an order compelling an answer.

2. "[T]he court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party." Fed.R.Civ.P. 37(d). It is clear from the context of 37(d)—the other violation for which the sanctions may be imposed is wilful failure to appear at a deposition—

and from the severity of the allowable sanctions that it does not apply for anything less than a serious or total failure to respond to interrogatories.

3. Halverson contends also that Campbell's answers to Wolfes-Jensen's interrogatories are a part of the record, and that as such Halverson was entitled to rely on them in objecting to Schuth's testifying. Although Wolfes-Jensen asked Campbell for names of persons having knowledge of facts in Halverson's complaint, we think Halverson's reliance on this was a factor to be considered by the district court, especially since the issue as between Campbell and Wolfes-Jensen related solely to indemnification.

ing from the work performed." Accordingly Campbell's attorney's fees and expenses of defending the claim are covered, and whether Halverson succeeds or not upon remand, the question of Wolfes-Jensen's obligation to indemnify has arisen.

We think Halverson's injury arose from the work, and see no merit in Wolfes-Jensen's contention that "at most" he was on his way to the work when injured. He was engaged in the work when he brought the truck to Campbell Soup's plant with the equipment and tools to be used in the work and when he walked through the plant for instructions about delivery. The argument that he was merely on his way to the work is specious. He was where he was when injured only because of the work.

Wolfes-Jensen's second contention is that the indemnity clause here does not cover the negligence of the indemnitee. The Illinois rule is that the clause should not be construed to indemnify against injuries entirely beyond the indemnitor's control "in the absence of clear language * * * including injuries arising from the negligence" of the indemnitee. Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp., 395 Ill. 429, 70 N.E.2d 604 (1946). This court in Bentley v. Palmer House Co., 332 F.2d 107, 109–111 (7th Cir. 1964), held that a clause granting indemnity against "any and all liability" was sufficiently clear and explicit so as to come within the Illinois rule and cover the indemnitee's own negligence. See also Patent Scaffolding Co. v. Standard Oil Co., 68 Ill.App.2d 29, 215 N.E.2d 1 (1966). We need not discuss other cases cited by the parties with language less broad than that in the clause before us.

For our conclusion we rely upon this court's decision in *Bentley* construing broad language similar to that before us. We hold that the district court should have granted Campbell Soup's motion for directed verdict, and that it committed error in granting Wolfes-Jensen's motion and entering judgment in its favor.

Judgment for Halverson reversed. Judgment for Wolfes-Jensen vacated and cause remanded for further proceedings in accordance with the views expressed herein.