FOND DU LAC PLAZA, INC., an Indiana
corporation, Plaintiff,

v.

Archie REID, Jr., Hattie Reid, and H. C.
Prange Company, a Wisconsin
corporation, Defendants.

No. 66–C–132.

United States District Court
E. D. Wisconsin.

May 20, 1969.

Victor M. Harding, Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for plaintiff.

Jacob Geffs, Janesville, Wis., for defendant Reid.

Robert L. Rohde, Federer, Grote, Hesslink, Rohde & Neuses, Sheboygan, Wis., James P. Brody and Maurice J. McSweeney, Foley, Sammond & Lardner, Milwaukee, Wis., for defendants H. C. Prange Co. and Budget Center, Inc.

## OPINION and ORDER

MYRON L. GORDON, District Judge.

The defendants, H. C. Prange Company and Budget Center, Inc., have moved to dismiss the complaint pursuant to rule 37(d), Federal Rules of Civil Procedure, on the ground that the plaintiff has wilfully failed to answer interrogatories numbered 9, 11, 13, and 14, which were propounded by the defendants on December 15, 1966.

The court is mindful of the harshness of the remedy now sought by the defendants. Although dismissal is authorized by rule 37(d), it is a remedy which should not be granted save upon the showing of severe circumstances. After careful deliberation, I have concluded that such circumstances exist in

the instant case and that dismissal is the correct remedy.

The court is aware of the desirability of having cases resolved upon their merits, and not upon technicalities. Nevertheless, when the court finds a flagrant abuse under rule 37(d), I believe it is the proper exercise of the trial court's discretion to grant the dismissal authorized by the rule; if this is not done, the rule is rendered ineffectual.

The interrogatories which the plaintiff has failed to answer were served by the defendants on December 15, 1966— almost two and a half years age. When responses to the interrogatories were not forthcoming, Prange's counsel moved to dismiss the complaint on May 16, 1967. However, that motion to dismiss was withdrawn on about June 9, 1967, when the opposing lawyers attempted to reach an understanding. On June 30, 1967, the plaintiff submitted answers to various interrogatories; however, responses were not made to interrogatories 9, 11, 13 and 14.

With regard to interrogatory 9, the plaintiff stated in his formal response: "This information is not available at the present time due to the death of Attorney Kenneth McLeod."

The same reason was advanced for the failure to answer interrogatories 11, 13 and 14, but as to each of those three interrogatories, the plaintiff's response added the assertion that the information would be turned over to defendants' counsel as soon as it became available.

The representation that the interrogatories would be answered as soon as the information became available to the plaintiff is consistent with prior statements by plaintiff's counsel. In a letter dated June 9, 1967, plaintiff's counsel advised as follows:

"While I have received the pleading file from my principals, I have not yet received the necessary information for the interrogatories. However, I do not anticipate any difficulty in this regard and will give you my assurance that the interrogatories will be answered to the extent of all information available to the plaintiff."

Shortly thereafter, on June 15, 1967, plaintiff's counsel again explained that his client had not supplied him with the material for the interrogatories and added the following:

"If my principals in Indianapolis do not level with me you may be sure that I will stipulate to the reinstatement of your motion and will withdraw from the case."

On August 3, 1967, plaintiff's counsel submitted additional responses; however, as to interrogatories 9, 11, 13 and 14, responses were not forthcoming. In that communication, the plaintiff contended that the interrogatories regarding damages were "premature" and that another sought information which was not relevant. That letter of August 3, 1967 ended up with the following comment by plaintiff's attorney:

"This is as far as we believe we are required to go to provide you with answers to your interrogatories. If you disagree, then you should probably seek a determination from the Court."

One who is served with interrogatories has a duty either to answer them or to move for a protective order asserting his objection to the interrogatories. Rule 33, Federal Rules of Civil Procedure. It is inappropriate for the party to determine on his own that the subject matter of the inquiry is "premature"; thus, it was the plaintiff's responsibility in this case to answer the interrogatories or to seek relief from the court. Plaintiff's counsel sought to shift the burden to the defendants and require the latter to apply to the court. This is not the format contemplated by the Federal Rules of Civil Procedure. See 4 Moore's Federal Practice 33.27; Baxter v. Vick, 25 F.R.D. 229 (D.C.Pa. 1960).

An examination of the correspondence between counsel in this case demonstrates that the defendants' lawyers expressed their continuing concern about the plaintiff's failure to respond to the propounded interrogatories. Although the plaintiff did not make responses to interrogatories 9, 11, 13 and 14, its counsel now argues that the present motion "dredges up a matter settled by counsel two years ago". In my opinion, there is no merit to that position.

Indeed, at a conference held in my chambers on April 4, 1969, movants' counsel called the attention of plaintiff's representatives to the fact that answers to the interrogatories had not been received and also stated that a motion would have to be brought in relation to that failure. Nevertheless, plaintiff's counsel persisted in the refusal to answer the interrogatories; instead, such counsel took the position that "(T)his type of tactics unnecessarily consumes the court's time and involves the parties in fruitless bickering." (Letter to the court dated April 14, 1969).

In my opinion, the failure of the plaintiff to comply with rule 37(d) constitutes an intentional or "wilful" failure as distinguished from involuntary non-compliance. The meaning of the words "wilful failure" is set forth in United States v. 3963 Bottles, More or Less, etc., 265 F.2d 332 (7th Cir. 1959). The demise of the plaintiff's original counsel justified a *delay* in responding to the interrogatories, but it does not support a claim that the plaintiff has been denied ample time to respond or to object to these questions.

After the end of June, 1967, Mr. Harding no longer relied upon the death of his predecessor nor on the unavailability of the information; instead, he took the position that the defendants were not entitled to responses and that the information sought was either irrelevant, premature, or "fruitless bickering".

In Halvorson v. Campbell Soup Co., 374 F.2d 810, 812 (7th Cir. 1967), the court observed that "the extreme sanctions" of rule 37 are to be applied only when a party wilfully fails to serve answers to properly served interrogatories. In my view, the facts of the instant case squarely meet that test. I find that there has not been a good faith effort on the part of the plaintiff in this case to respond to the four interrogatories.

Although it is not a controlling consideration, in exercising my discretion, I have examined the interrogatories, the information sought and its relevance to the case; I conclude that there was no justification for the plaintiff's refusal to answer.

In my opinion, the plaintiff's conduct has impeded and frustrated the defendants in the investigation and presentation of their case. I conclude that pursuant to rule 37(d) the remedy of dismissal is proper. Sivelle v. Maloof, 373 F.2d 520 (1st Cir. 1967); Nasser v. Isthmian Lines, 331 F.2d 124 (2d Cir. 1964).

Accordingly, it is ordered that the complaint be and hereby is dismissed as to the defendants Prange and Budget Center, such dismissal to be without prejudice and with costs.