Raymond **KOPPAL** et al., Appellants,

v.

**TRAVELERS INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, a corporation, and Firemen's Insurance Company of Washington, D. C., a corporation, Appellees.**

No. 6548.

District of Columbia Court of Appeals.

Argued Oct. 19, 1972.

Decided Nov. 29, 1972.

Milton M. Burke, Silver Spring, Md., for appellants.

William H. Seckinger, Washington, D. C., with whom James F. Jordan, Washington, D. C., was on the brief, for appellee Travelers Indemnity Company of Hartford, Connecticut.

George H. Eggers, Silver Spring, Md., for appellee Firemen's Insurance Company of Washington, D. C.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

On appeal from a denial of a motion for relief from judgment,[1] this court is asked to direct the vacation of two orders granting summary judgment to appellees, and one order striking a portion of the complaint. Appellants contend that failure of their counsel [2] to pursue preparation of answers to interrogatories and to oppose the motions leading to the summary judgment orders compels the granting of relief from judgment. Our review of the record reveals sufficient confusion by counsel and the trial court judge, and misapprehension of the pleadings and the relief sought and granted that we reverse and remand with directions to reconsider the motion for relief from judgment in light of a complete understanding of relevant law and what transpired.

The action against both insurance companies was brought to collect payment for damages caused by a fire. The complaint asserts that appellants, Mr. and Mrs. Koppal, purchased certain real property from appellant Joy Trading Company, Inc. (Joy Co.) and at that time secured a $10,000 insurance policy on the property from Firemen's Insurance Company of Washington, D. C. (Firemen's). It was also asserted that at the time of sale, Joy Co. assigned to the Koppals an $8000 policy it had with Travelers Indemnity Company of Hartford, Connecticut (Travelers) for the same property and that the Koppals paid a $160 premium due thereon. Within a few days of the purchase and assignment, the property suffered fire damage in the asserted amount of $2,243.35, which both insurance companies refused to pay.

At the time of filing its answer, Firemen's submitted interrogatories to the Koppals. No answers thereto were filed and an order striking the complaint as to the Koppals was entered. Firemen's then moved for judgment on the pleadings against Joy Co. and by affidavit asserted that Joy Co. was not a beneficiary of any company police covering the property in question. This motion went unopposed, was treated by the trial judge as one for summary judgment, and as such was granted.

Travelers also moved for summary judgment against Joy Co. However, the trial court entered an order purporting to grant summary judgment "for the said defendant, and against plaintiff, Raymond Koppal, et al and Joy Trading Company, Inc."

The Motion to Reinstate was based entirely on the contention that appellants were denied "their day in court" because of failure of their counsel to apprise them of the interrogatories and to oppose the motions resulting in summary judgment. At no time did counsel address the question of the scope and extent of relief available under SCR Civil Rule 37(d) for failure of a party [3] to respond to interrogatories. Surely in considering whether to grant relief from judgment it was necessary to recognize that an order in effect striking the complaint as it related to the Koppals in reality dismissed their claim and was the most severe sanction available under Rule 37.

---

1. SCR Civil Rule 60(b).

2. Counsel on appeal did not represent appellants in the trial court.

3. SCR Civil Rule 33.

The remedy of dismissal for failure of plaintiff to serve answers to interrogatories, while available, should be granted only upon a showing of severe circumstances. Fond Du Lac Plaza, Inc. v. Reid, 47 F.R.D. 221 (D.C.Wis.1969). Therefore, for there to have been a meaningful exercise of discretion on the motion for relief from judgment it was necessary to consider whether less severe and more appropriate sanctions than dismissal were justified. SCR Civil Rule 37(d) refers to the relief available under subsection (b)(2) of that rule and dismissal appears to be the least preferred and requires a showing of willfulness on behalf of the party failing to serve the answers. Halverson v. Campbell Soup Co., 374 F.2d 810 (7th Cir. 1967). It would seem that a showing of the kind required for dismissal of the Koppals' claim was not made on the motion by Firemen's. It was merely asserted that counsel failed to respond to a letter advising that the answers were past due and demanding answers within 10 days. Without consideration of the foregoing, it cannot be said that denial of relief under Rule 60(b) reveals the kind of informed decision worthy of presumed validity sufficient to stand absent a showing of abuse of discretion.

As to the order granting summary judgment to Travelers in excess of that requested, it must be observed that no one brought that fact to light in the proceedings seeking relief from judgment. Moreover, it must be remembered that SCR Civil Rule 56(e) provides in cases of a failure to respond to a summary judgment motion that such judgment shall be entered "if appropriate". Here it appears that the entry of judgment in favor of travelers against the Koppals was an undiscovered inadvertence. The order was submitted to the court on counsel's stationery. Again we conclude that the record fails to reveal the kind of informed judgment on the motion seeking relief from judgment worthy of presumed validity sufficient to stand absent a showing of abuse of discretion.

Under these circumstances, we conclude that the entire manner in which all claims were adjudicated should be reviewed under the motion seeking relief from judgment in order that the full purpose of Rule 60(b) may be realized. *See* D.C. Code 1967, § 17–306. In this context we note that in its motion for summary judgment Travelers failed to submit a statement of material facts as to which it contends there is no genuine issue. *See* SCR Civil Rule 12–1(k). Had this been done it is likely that counsel and the court would have discovered the error in granting judgment against the Koppals when such was not sought.

Accordingly, the order appealed from is vacated and the case remanded for reconsideration of the motion for relief from judgment in light of what has been said herein.

So ordered.