## IRENE SIER, Plaintiff

v.

## REBECCA DAVIS and DONALD POMERANZ, Defendants

Civil No. 449/1986

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 7, 1988

 

DON C. MILLS, ESQ., St. Thomas, V.I., *for plaintiff*

R. ERIC MOORE, ESQ., St. Croix, V.I., *for defendant Donald Pomeranz*

CHRISTIAN, *Senior Sitting Judge*

## MEMORANDUM AND ORDER

This matter is before the Court on Motion of Plaintiff for reconsideration and a vacatur of the Court's Order of Dismissal entered February 1, 1988. The Motion will be denied.

Counsel for plaintiff posits to the Court as grounds for the Motion the allegation that during the fifteen-month period of failure to comply with the Federal discovery rules, after many reminders and at least two Orders of the Court, his client was totally in the dark as to what was going on, that he solely is responsible for the lengthy and continuous disregard of the rules and the additional frustration and work it has caused the defendant and the orderly administration of justice, and that therefore his client should not be made to suffer for his wrongdoing. He claims that his unprofessional performance was due to personal and health problems.[1]

In answer to these allegations (and indeed that is all they are, as they stand before us totally unsupported by even affidavit or medical certificate of any kind), we repeat what we said in our Order dismissing the action: that it is the Court's position that in ruling on this type of Motion, the law requires us to consider what is just and fair to (1) the movant, (2) the respondent to the Motion,

---

[1] As stated in the Facts portion of the Court's Order of Dismissal, although the responses were due on August 21, 1986 (see Fact 3 on Page 1 of Court's Memorandum and Order), unsigned responses were not submitted until March 7, 1987. Then as indicated on Page 1 of Pomeranz' Opposition to the Motion, the signed copies were not mailed to Pomeranz until February 16, 1988, fifteen days after the Court's Memorandum and Order of Dismissal. To this date, there has been no submission of the Documents requested by Pomeranz on July 21, 1986, pursuant to Federal Rules of Civil Procedure 34.

and (3) to the administration of justice in an efficient, just, speedy and inexpensive manner. See Paragraph 1, Page 8, of Order dated February 1, 1988.

As Pomeranz contends in his Opposition to granting plaintiff's Motion to reconsider and vacate the Order of Dismissal, it is most unlikely that, as her counsel states, plaintiff was unaware of what was taking place in her lawsuit for so long a period of time. But in either event, she cannot plead complete innocence. If in fact she was unaware, it was her duty, in the exercise of due diligence, to inquire; on the other hand, if she was aware and did nothing, here again she cannot say she acted with due diligence.[2]

But assuming, arguendo, that plaintiff, as distinguished from her counsel, was totally innocent, free of all fault whatever for the cause of dismissal of the action, her redress should not come from those who are unquestionably the innocent and injured parties, Pomeranz and the orderly administration of justice, both of whom have by the conduct of her attorney been put to a considerable amount of disrespect, frustration, and work that could easily have been avoided. We say could have been easily avoided because if in fact counsel was afflicted as he claims, all he had to do was to have the common courtesy to, directly or indirectly, inform the Court and the defendant of his situation, and request an enlargement of the time allotted in the rule or in any previous extension which was granted.[3]

If the Court is to do justice to the three interests in this matter, it should rule on this Motion so that plaintiff's redress, as the respondent to the Motion states, will come, not from the innocent parties, but from the party responsible for the problem.

_____

[2] This is particularly significant as this was her second suit based on the same facts. See Civil No. 674-1985. The first suit was discontinued for the same reason the present action was dismissed, pervasive failure of plaintiff to comply with the discovery requirements of the Federal Rules of Civil Procedure. We do not believe it is unreasonable to conclude that having had the first dismissal, during the prosecution of the second action, it is at worst likely that plaintiff would exercise such care as would be directly irreconcilable with her being completely unaware of what was happening, in her second suit, and this for fifteen months, without seeking some explanation from her counsel or the Court.

[3] This he could have done just as he was able to write an answer on February 10, 1987, to the Court's Order of January 28, 1987. See Paragraphs 6(b) and (c) of our Order. And transmit copy of unsigned responses on March 7, 1987. See counsel's communication to Pomeranz' attorney on March 16, 1987, Paragraph 7(a) id.

The law contains ample provisions to apply for redress to which plaintiff may be entitled in these circumstances for counsel's dereliction of professional duty owed to her, if she so elects. But the Court wishes to make it very clear that is is not even suggesting, let alone directing, that plaintiff take this route to recovering any loss she may have suffered by her counsel's admitted wrongful conduct and the resulting Order of Dismissal. Our only purpose here is to express the fact that she does have that remedy, that she is by no means remediless under the law, but that she should look to the responsible party, and not the innocent ones, for any damages she may have suffered by the Order.

The Court therefore holds that vacating the Order will, in our judgment, work a miscarriage of justice. Pomeranz and the orderly and timely administration of justice, and not the responsible party, would unjustly be made the victims of a situation they did not create. In good conscience, given the history of the facts leading to and culminating in the granting of the Motion dismissing the action,[4] we could not deny the Motion to Dismiss then, nor can we do it at this time, by vacating the Order of Dismissal.

We however disagree with Pomeranz' contention that it is material to a correct ruling on this Motion to consider whether plaintiff's claim should have been made in the Small Claims Division of the Court. That issue is not pertinent to the present discussion for it has to do with the amount of damages recoverable and not with the issue presently under consideration, i.e., who is the party responsible for the loss of plaintiff, if any, and therefore who in justice should be made to bear the burden of that loss.

To conclude, we granted the Motion to Dismiss because, among other reasons, over the period of fifteen months, and in disregard of two Court Orders, there was virtually a total failure to respond to interrogatories propounded under Federal Rules of Civil Procedure 33, and to the date of this Order, there has been a total failure to permit inspection under Federal Rules of Civil Procedure 34. See Rule 37(b) id. While no Court Order is required under Rule 37(d) id. to impose any of the sanctions authorized by Rule 37(b)(2), in this case, not one, but two Orders were issued by the Court, and ignored. See also Federal Practice and Procedure, Wright and Miller, Rule 2291; Halverson v. Campbell Soup Co., C.A.7th, 1967, 374 F.2d 810, 812.

---

[4] See the Facts portion of our Memorandum and Order of Dismissal, dated February 1, 1988.

This Court is of the opinion that in the administration of justice, the Court may appropriately take a much more serious view of total failure to observe the Federal rules where not only the Rules, without more, are violated, but where the Rules, and not one, but two, Court Orders to comply with the Rules are violated, without satisfactory explanation. If even the Court is repeatedly ignored, after the Rules have been ignored, to whom must the movant turn to receive justice?

And while counsel has pleaded personal and health problems as the reason for his unprofessional conduct at this stage of the litigation, as we pointed out earlier, had he manifested no more than the simple respect and courtesy for the Court and defendant of making such representation earlier, e.g., on February 10, 1987, when he responded to the defendant's first Motion to Dismiss, and asked for more time, the exercise of such consideration on his part would doubtless have averted a considerable amount of effort and frustration to which both the Court and defendant were thus subjected, and would have given some credibility to his claim of being incapacitated to perform more responsibly.

Again, if when on March 7, 1987, he submitted the unsigned answers to interrogatories, he showed such consideration for the Court and defendant, his credibility as to his claimed disability for his nonfeasance would not be so questionable. Frankly, the Court cannot, and does not, find that such disability existed, not that counsel was not entirely well, but we cannot find in the light of the aforesaid two communications he made during the critical period that he was unable to at the very least transmit a communication, in writing as he did in these other two instances, or even at least verbally, that he suffered from such disability.

## ORDER

For the foregoing reasons, the Plaintiff's Motion for Reconsideration of the Court's Order of Dismissal dated February 1, 1988, and for vacating the same, is DENIED.