**George J. FOX and Ruth A. Fox, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 81–2869, 81–2870.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 7, 1983.*

Decided Oct. 6, 1983.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively

Joseph W. Weigel, Weigel Law Firm, Milwaukee, Wis., for petitioners-appellants.

Ann Belanger Durney, Asst. Atty. Gen., Glenn L. Archer, Jr., Thomas A. Gick, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before CUDAHY, COFFEY and FLAUM, Circuit Judges.

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." *See* Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

CUDAHY, Circuit Judge.

The appellants appeal the order of the Tax Court dismissing their petition for a redetermination of tax liability. The Tax Court dismissed the petition for failure to comply with the court's order compelling discovery, pursuant to Tax Court Rule 104(c), 26 U.S.C. foll. § 7453 (hereinafter T.C.R. 104(c)). We hold that the limitations imposed on the discretion of the district courts to dismiss a case as a discovery sanction pursuant to Rule 37, Federal Rules of Civil Procedure, should also limit the discretion of the Tax Court to dismiss pursuant to Rule 104. Because the Tax Court in this case made the findings which are required of a district court prior to a Rule 37 dismissal, we affirm the order of the Tax Court.

## I

The appellants filed a petition for a redetermination of tax liability with the Tax Court on April 27, 1979. The petition attacked adjustments made by the IRS in the appellants' 1975 and 1976 returns. On September 18, 1980, the appellants filed a second petition attacking a deficiency assessed in their 1977 and 1978 tax returns. Respondent-appellee answered both petitions and moved to consolidate the cases. On March 4, 1981, the appellees moved for an order compelling answers to interrogatories and an order compelling production of documents. At the hearing on the motion, the Tax Court noted that appellants' attorney engaged in a pattern of failure to respond to discovery requests. The court found that the information requested was relevant and granted the motion to compel. The appellants were ordered to answer the interrogatories and produce the requested documents by June 8, 1981. The appellants were not warned that continued failure to respond would result in dismissal.

On July 17, 1981, the appellees moved the court to impose sanctions for continued failure to respond to the discovery requests. Dismissal was explicitly requested. At a hearing on August 5, 1981, neither the appellants nor their counsel appeared. The Tax Court took the motion to impose sanctions under advisement, while making the following observations:

> ... I am familiar with these cases. In fact, I heard 20 cases of this same type with [counsel for appellant]. And I suspect that they probably aren't going to put much effort into these matters. I don't know. As I understand it, there is still a substantial number of cases pending in the Milwaukee office, and perhaps the way to proceed is to try to move them along by the procedures that were worked out here, and certainly ignoring our Court's order leaves me little question in my mind that the cases ought to be dismissed.

R. 19 at 3. The Tax Court subsequently dismissed the petitions pursuant to T.C.R. 104(c) for failure to comply with the court's order to compel discovery. The appellants filed a timely notice of appeal.

## II

The critical issue in this case is one not discussed by the parties: our standard of review. Research discloses no reported decision specifying the standard of review applied to appeals of dismissals entered pursuant to T.C.R. 104. The most closely related cases involve dismissals entered pursuant to T.C.R. 123.[1] At least one court of appeals has drawn an analogy between T.C.R. 123 and Rule 41 of the Federal Rules of Civil Procedure and its abuse of discretion standard. *Watson v. Commissioner,* 690 F.2d 429, 431 (5th Cir.1982); *Crandall v. Commissioner,* 650 F.2d 659 (5th Cir.1981); *Freedson v. Commissioner,* 565 F.2d 954, 955 (5th Cir.1978); *see Miller v. Commissioner,* 300 F.2d 760 (2nd Cir.1962) (Tax Court did not abuse its discretion in dismissing case after taxpayer failed to appear). Similarly, we may look to Rule 37, Fed.R.Civ.Pro., governing discovery sanctions, to determine the appropriate standard of review in this case.

---

1. T.C.R. 123 permits the Tax Court to dismiss a case at any time for failure to prosecute, failure to comply with the Tax Court Rules, failure to obey an order of the court, or any other reason deemed sufficient. T.C.R. 123(c).

[1, 2] Just as with appeals from dismissals made pursuant to Rule 41, the standard of review on appeal of a dismissal made pursuant to Rule 37 is whether the district court abused its discretion in imposing sanctions. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976). Unlike Rule 41 dismissals, however, the discretion of the district court in Rule 37 dismissals is not very broad, especially in cases where the extreme penalty of dismissal has been imposed. The district court is required to find that the party against whom sanctions are imposed acted willfully and in bad faith. *Hindmon v. National-Ben Franklin Life Insurance Co.*, 677 F.2d 617, 620 (7th Cir.1982); *Margoles v. Johns*, 587 F.2d 885, 886–87 (7th Cir.1978). The district court must also find a total failure to respond to the discovery requested. *Laclede Gas Co. v. G.W. Warnecke Corp.*, 604 F.2d 561, 565 (8th Cir.1979); *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 995 (8th Cir.1975). The question before us today is whether these limitations should be imposed upon the discretion of the Tax Court. We conclude that they should.

■ While it is clear that proceedings in the Tax Court are not governed by the Federal Rules of Civil Procedure, Moore & Lucas, Moore's Federal Practice ¶ 81.03[3] (1982), it should be apparent that the Federal Rules of Civil Procedure and the Tax Court Rules are complementary and embody many of the same policy considerations. Like Rule 37, T.C.R. 104 governs actions to enforce discovery requests and to impose sanctions on the failure to comply with such requests.[2] The Reporter's Notes

**2.** The text of T.C.R. 104 provides:

RULE 104. ENFORCEMENT ACTION AND SANCTIONS. (a) *Failure to Attend Deposition or to Answer Interrogatories or Respond to Request for Inspection or Production.* If a party or an officer, director or managing agent of a party or a person designated in accordance with Rule 74(b) or 81(c) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition pursuant to Rule 74, 81, 82, 83 or 84, or (2) to serve answers or objections to interrogatories submitted under Rule 71, after proper service thereof, or (3) to serve a written response to a request for production or inspection submitted under Rule 72 or 73 after proper service of the request, the Court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (b) or (c) of this Rule. If any person, after being served with a subpoena or having waived such service, willfully fails to appear before the officer who is to take his deposition or refuses to be sworn, or if any person willfully fails to obey an order requiring him to answer designated interrogatories or questions, such failure may be considered contempt of court. The failure to act described in this paragraph (a) may not be excused on the ground that the deposition sought, or the interrogatory submitted, or the production or inspection sought, is objectionable, unless the party failing to act has theretofore raised the objection, or has applied for a protective order under Rule 103, with respect thereto at the proper time and in the proper manner, and the Court has either sustained or granted or not yet ruled on the objection or the application for the order.

(b) *Failure to Answer.* If a person fails to answer a question or interrogatory propounded or submitted in accordance with Rule 71, 74, 81, 82, 83 or 84, or fails to respond to a request to produce or inspect or fails to produce or permit the inspection in accordance with Rules 72 or 73, or fails to make a designation in accordance with Rule 74(b) or 81(c), the aggrieved party may move the Court for an order compelling an answer, response, or compliance with the request, as the case may be. When taking a deposition on oral examination, the examination may be completed on other matters or the examination adjourned, as the proponent of the question may prefer, before he applies for such order.

(c) *Sanctions.* If a party or an officer, director, or managing agent of a party or a person designated in accordance with Rule 74(b) or 81(c) fails to obey an order made by the Court with respect to the provisions of Rule 71, 72, 73, 74, 81, 82, 83, 84, or 90, the Court may make such orders as to the failure as are just, and among others the following:

(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the case in accordance with the claim of the party obtaining the order.

(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party.

which accompany the Rules[3] note that T.C.R. 104 was adapted in its entirety from F.R.C.P. 37. 60 T.C. 1123–24. In addition, T.C.R. 1 expressly provides:

> Where in any instance there is no applicable rule of procedure, the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand.

T.C.R. 1, 26 U.S.C. foll. § 7453. These rules suggest that we may look to F.R.C.P. 37 to determine the scope of T.C.R. 104. This Court has also noted that the basic premise underlying the discovery procedures of the Tax Court Rules is similar to that of the Federal Rules. *Ryan v. Commissioner,* 568 F.2d 531, 538 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978).

■ Our research discloses only two appellate cases discussing dismissals under T.C.R. 104. In *Baldwin v. Commissioner,* 648 F.2d 483, 486–87 (8th Cir.1981), the Eighth Circuit simply noted that T.C.R. 104 allows the Tax Court to dismiss an action as a discovery sanction. The court also noted the underlying similarity of purpose between the Tax Court Rules and the Federal Rules. *Id.* While the Court did not discuss any limitations on the Tax Court's discretion in dismissing a case pursuant to T.C.R. 104, the Court reversed the action of the Tax Court because it failed to adequately

analyze the taxpayer's claim of privilege. *Id.* at 488. In *Eisele v. Commissioner,* 580 F.2d 805 (5th Cir.1978), the Fifth Circuit, in a half-page per curiam opinion, affirmed the dismissal by the Tax Court, noting simply that such action is "explicitly authorized" by the rules. *Id.* It appears therefore that no appellate court has addressed the issue of limitations on the Tax Court's discretion in imposing dismissal as a discovery sanction. We conclude that because T.C.R. 104 is derived from F.R.C.P. 37, because T.C.R. 104 is intended to address the same policy considerations as F.R.C.P. 37, and because dismissal remains the extreme sanction under both rules, it is appropriate to impose the same limitations on the discretion of the Tax Court to dismiss a case as a discovery sanction as are imposed on the district courts acting pursuant to F.R.C.P. 37. We next determine whether the Tax Court in this case complied with these limitations.

### III

■ As discussed above, the Tax Court may not dismiss a case as a discovery sanction pursuant to T.C.R. 104 unless the court finds that (1) the failure to comply with discovery was undertaken willfully and in bad faith, and (2) the party against whom sanctions are to be imposed totally failed to respond. In this case the court explicitly found that the appellants had totally failed to comply with its discovery order.[4] We

---

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of the Court the failure to obey any such order.

(d) *Evasive or Incomplete Answer or Response.* For purposes of this Rule and Rules 71, 72, 73, 74, 81, 82, 83, 84, and 90, an evasive or incomplete answer or response is to be treated as a failure to answer or respond.

The dismissal in this case was made pursuant to T.C.R. 104(c).

3. The explanatory notes included with the Rules are not officially part of the Rules but are included "for such assistance as they may provide." 60 T.C. 1058.

4. The appellants' principal argument on appeal is that they in fact complied with the discovery

order by tendering a response to the appellees on August 5, 1981, the day of the hearing before the Tax Court. While the appellants' response is not part of the record it is included in the appendix to the appellants' brief. And it is apparent from the most cursory examination of this response that it is totally inadequate. Appellants do not answer a single interrogatory or produce a single document. Their "response" is simply an objection to the appellee's discovery request. These objections are meritless. The appellants had an opportunity to object to the appellee's discovery requests at the April 8, 1981, hearing on the appellee's motion to compel discovery. The appellants chose not to attend that hearing and the Tax Court explicitly found that the information sought was relevant. We hold that the appellants' untimely and inadequate "response" is insufficient to

also hold that the Tax Court at least implicitly found that the appellants were acting willfully and in bad faith. The court noted that

> [p]etitioner's counsel has consistently failed to cooperate and even communicate with the Respondent, and under the present circumstances, we feel that it would be appropriate to ... impose the ultimate sanctions of finding the deficiencies as requested ....

Further, the court noted during both the hearing on the appellee's motion to compel and the hearing on the motion to impose sanctions that appellants' counsel engaged in a pattern of failure to respond to discovery. Under the circumstances of this case, we hold that the Tax Court adequately found that the appellants acted willfully and in bad faith in failing to respond to the court's order compelling discovery.

## IV

For the reasons stated above the decision of the Tax Court is affirmed.

disturb the Tax Court's finding that the appellants totally failed to respond to the court's

order to compel discovery.