**Richard E. OELZE, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–4084.

United States Court of Appeals, Fifth Circuit.

Dec. 28, 1983.

Joe Alfred Izen, Jr., Houston, Tex., for petitioner-appellant.

John H. Menzel, Director, Tax Litigation Div., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief Appellate Section, Ann Belanger Durney, Terry L. Fredricks, Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

ON PETITION FOR REHEARING

(Opinion November 29, 1983, 5 Cir., 1984, 723 F.2d 1162)

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

The petition for rehearing is denied.

In this petition for rehearing, the taxpayer, Richard E. Oelze, urges this court to follow the holding of the United States Court of Appeals for the Seventh Circuit in *Fox v. Commissioner,* 718 F.2d 251 (7th Cir.1983) and hold that the Tax Court may not dismiss a taxpayer's petition for rede-

termination of tax liability for failure to comply with discovery orders unless the court first finds that the taxpayer's failure to comply is willful and in bad faith, and that the taxpayer totally failed to respond to the discovery orders.

In *Eisele v. Commissioner,* 580 F.2d 805 (5th Cir.1978), this court, in a half-page per curiam opinion, affirmed dismissal by the Tax Court pursuant to Rule 104, noting simply that the dismissal is "explicitly authorized" by the rules. In the case before us here, it is unnecessary to decide whether this circuit should follow the Seventh Circuit in imposing stricter standards for dismissals for failure to comply with discovery orders, pursuant to *Eisele.* This is true because even under the analysis of *Fox,* the Tax Court's dismissal is justified in this case. The taxpayer's continued failure to cooperate with the Commissioner, the necessity for four orders to comply with the Commissioner's discovery requests, the taxpayer's continuous reliance on a baseless fifth amendment claim, and the taxpayer's last-minute attempt to comply with the discovery order all demonstrate that Oelze acted wilfully. Additionally, the Tax Court issued four separate discovery orders, some explicitly warning the taxpayer that failure to comply would result in dismissal of the case. Though the taxpayer finally did partially comply with one of the orders, he did so only after repeated and total failure to supply the Commissioner with the information he requested. Such partial compliance under these circumstances cannot serve to exonerate the taxpayer from willful failure to comply with the orders of the court.

Oelze's petition for rehearing is

DENIED.