FLOYD E. DOUGLAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Douglas v. Commissioner
Docket No. 23057-81.
United States Tax Court
T.C. Memo 1983-786; 1983 Tax Ct. Memo LEXIS 8; 47 T.C.M. (CCH) 791; T.C.M. (RIA) 83786; December 28, 1983. *8 Petitioner has failed to produce documents despite a specific order of this Court directing him to do so. Held, petitioner's failure constitutes a default under the circumstances of this case. Respondent's Motion to Impose Sanctions seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Floyd E. Douglas, pro se. Larry L. Nameroff and Alice G. Walsh, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7456(c) of the Internal Revenue Code *9 of 1954, as amended, [1] and Delegation Order No. 8 of this Court, 81 T.C. VII (July 1983), for the purpose of conducting the hearing and ruling on respondent's Motion to Impose Sanctions under Tax Court Rule 104(c)(3). [2] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions pursuant to Rule 104(c)(3), filed on October 31, 1983. [3]
Respondent determined the following deficiencies in and additions to the petitioner's Federal income taxes: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6651(a)
Section 6653(a)
1975
$2,162.38
$540.60
$108.12
1976
[4] 10,202.77
[4] 2,550.69
[4] 510.14
1977
4,458.00
1,114.50
222.90
*10 Petitioner's legal address on the date he filed his petition was Route #1, Fredericktown, Ohio. Petitioner timely filed his petition on September 8, 1981. After a jurisdictional motion was disposed of by the Court, respondent filed an answer on December 28, 1981. Thereafter, respondent filed an amended answer on January 15, 1982 and petitioner filed a reply thereto on May 20, 1982. Hence, the pleadings are closed. See Rules 34, 36, 37, 38, and 70(a)(2). We are fully satisfied that respondent attempted to attain the objectives of formal discovery through informal requests, consultation and communication with petitioner as required by this Court's rules and the mandate of its opinions. [5] When those attempts proved fruitless respondent, on June 9, 1983 served on petitioner a two paragraph request for production of documents. A review of those requests reveals they seek documents which are highly relevant and material to the issues at dispute. The requested documents should have been in the possession, custody or control of petitioner and produced. *11 When petitioner failed to produce the documents, respondent, on August 12, 1983, filed a Motion to Compel Production, a copy of which the Court served on petitioner on August 17, 1983 together with a Notice of Filing, which gave petitioner until September 6, 1983 in which to file an objection to respondent's motion. Petitioner filed no objection and the Court issued an Order dated September 13, 1983, a copy of which was served on the parties on the same date, which stated therein in pertinent part as follows: * * * it is ORDERED that respondent's motion is granted and petitioner shall on or before October 13, 1983, produce to respondent's counsel the documents requested in respondent's request for production of documents served on petitioner on June 9, 1983. In the event petitioner does not fully comply with the provisions of this order the Court will be inclined to impose sanctions which may include a dismissal of this case and an entry of a decision against petitioner in the full amount set forth by respondent. *12 Petitioner did not produce a single document to respondent's trial counsel. In such circumstance, respondent filed his sanctions motion herein under consideration. Although given more than an ample opportunity to comply with respondent's document request petitioner has not done so, and he has advanced not a single reason to explain his failure to comply. He has, in essence, defied our Order of September 13, 1983 and, by his inexcusable conduct, shown complete and utter disrespect for the Rules of this Court. Indeed, petitioner's total failure to act has worked to his detriment. As we look at this ever-burgeoning record, respondent's discovery request sought documents highly relevant and material to the issues at dispute. Petitioner simply has made no attempt to comply with those document requests despite a specific order of this Court directing him to do so. On this record, we find that petitioner has totally failed to respond to respondent's document request and his failure to comply with discovery was undertaken willfully and in bad faith. Fox v. Commissioner,718 F.2d 251 (7th Cir. 1983). [6]
*13 Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: * * * (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule * * * 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of this case we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Fox v. Commissioner,supra;Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), *14 affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Gillespie v. Commissioner,T.C. Memo. 1983-680; Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Chalmeta v. Commissioner,T.C. Memo. 1982-568, affd. by order (4th Cir., May 11, 1983); Sibla v. Commissioner,T.C. Memo. 1982-710; Riehle v. Commissioner,T.C. Memo. 1982-141, dismissed (7th Cir., Feb. 8, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595, dismissed (5th Cir., July 2, 1982). On this record respondent's motion will be granted. [7]
An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on December 7, 1983. No appearance was made by or on behalf of petitioner and no response to respondent's motion was filed, albeit a copy thereof together with a copy of the Court's Notice of Hearing were served on petitioner by the Court on November 7, 1983.↩
4. These amounts include increased amounts, claims for which respondent determined in his amended answer. See sec. 6214(a).↩
5. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1).
6. We do not decide whether we agree with the "willfully and in bad faith" requirement enunciated by the Court of Appeals for the Seventh Circuit in Fox v. Commissioner,718 F.2d 251↩ (7th Cir.1983).
7. Petitioner is no stranger to this Court. He has been here before in Douglas v. Commissioner,T.C. Memo. 1980-66, affd. without published opinion 665 F.2d 1044↩ (6th Cir. 1981), where his tax protester arguments were rejected.