DONALD W. FIGURA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Figura v. Commissioner
Docket No. 30279-83.
United States Tax Court
T.C. Memo 1984-567; 1984 Tax Ct. Memo LEXIS 107; 48 T.C.M. (CCH) 1469; T.C.M. (RIA) 84567; October 23, 1984. *107 Petitioner has totally failed to produce documents and answer interrogatories despite a specific order of this Court directing him to do so. Held, petitioner's failure constitutes a default under the circumstances of this case. Respondent's Motion to Impose Sanctions, seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted Donald W. Figura, pro se. Julia M. Dewey and Phyllis *108 Greenblum, for the respondent. CANTREL MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions under Rule 104(c), [1] filed on September 4, 1984, and respondent's oral motion for an award of damages pursuant to section 6673, [2] made at the hearing at Washington, D.C. on October 10, 1984. [3]
Respondent, in his notice of deficiency issued to petitioner on July 25, 1983, determined deficiencies in petitioner's Federal income tax for the taxable calendar years 1980 and 1981 in the respective amounts of $2,700.47 and $1,712.00. Respondent, in his deficiency notice, determined the following adjustments to petitioner's income: 1980
1981
Contributions [4]
$10,266.10 $8,255.00 Standard-Itemized Deductions
(1,067.10)
(1,023.30)
Credit for Personal Exemptions
(1,000.00)
*109 Petitioner resided at 8B Dundee Quarter #304, Palatine, Illinois on the date he filed his petition. He filed individual 1980 and 1981 Federal income tax returns with the Internal Revenue service. The petition was timely mailed and, thus, timely filed on October 25, 1983. See section 7502. Respondent filed his answer on December 16, 1983, on which date the pleadings were closed. More than 30 days thereafter respondent commenced discovery. See Rules 34, 36, 38 and 70(a)(2). Petitioner, at paragraph 4 of his petition,recites -- I am in disagreement *110 with the proposed adjustments to my income made by the IRS on forms 4089, 1902-B, and 3547 (attached). 1980 contributions for the sum of $10,266.10. I have the proper documentation to verify these deductions.
1981 contributions for the sum of $8,255.00. I have the proper documentation to verify these deductions.[5] (Emphasis added.) SANCTIONS
We are fully satisfied that respondent attempted to attain the objectives of formal discovery through informal requests, consultation or communication with petitioner as required by this Court's Rules and the mandates of its opinions. [6] When those attempts proved fruitless respondent, on April 4, 1984, served on petitioner a 13 paragraph interrogatory request and a 5 paragraph document request. A review of those requests reveals that they seek information and documents which are highly relevant and material to the issues at dispute in this case. *111 The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the pertinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal.Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case". Zaentz v. Commissioner,73 T.C. 469, 471 (1979). When petitioner totally failed to respond to respondent's discovery requests, respondent submitted a motion to compel compliance therewith, which the Court filed on June 18, 1984. Respondent made service of his motion on petitioner on June 15, 1984. [7] The Court, on June 20, 1984, served on the *112 parties a notice which gave petitioner until July 10, 1984 in which to file an objection to respondent's motion. When petitioner did nothing the Court, on July 18, 1984, served on the parties an order which recites in pertinent part-- * * * ORDERED that respondent's above-referenced motion [i.e., motion to compel] is granted in that petitioner shall, on or before August 24, 1984, (1) serve on counsel for respondent answers to each interrogatory served upon petitioner on April 4, 1984, and (2) produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioner on April 4, 1984.It is further ORDERED that in the event petitioner does not fully comply with the provisions of this order, this Court will be inclined to impose sanctions pursuant to Tax Court Rule 104, which may include dismissal of this case and entry of a decision against petitioner for the full amount of the deficiencies as set forth in the notice of deficiency dated July 25, 1983. *113 Petitioner did nothing, and respondent filed the motion we now consider. A copy of that motion together with a copy of a Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on October 10, 1984, were served on petitioner by the Court on September 7, 1984. When the case was called on October 10, 1984 petitioner did not appear, no response to respondent's motion was filed nor had the discovery requests been responded to. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our Rules and an order of this Court petitioner has not done so and there is not one valid reason extant in this record to explain his total failure to comply. He has, in essence, ignored and defied our order of July 17, 1984, and, by his inexcusable conduct, shown complete and utter disrespect for our Rules and an order of this Court. Indeed, *114 petitioner's total failure to act has worked to his detriment. As we view this record, respondent's discovery requests sought information and documents relevant and material to the issues at dispute. Petitioner simply made no attempt to comply with those requests despite a specific order of this Court directing him to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party ** *fails to obey an order made by the Court with respect to the provisions of Rule 71, 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. Rule 104(a) and (c) provide various sanctions for failure to respond to discovery requests and for failure to comply with discovery orders. The sanctions for each are the same and are enumerated in Rule 104(c). Where no discovery order is outstanding dismissal is appropriate only upon total failure to respond *115 to discovery requests. However, where a party fails to comply with a Court order dismissal may be appropriate even though there has been a partial response. Dusha v. Commissioner,82 T.C. 592, 602-604 (1984), which was reviewed by the Court. Here, petitioner has, without justification, totally refused to respond to respondent's discovery requests in spite of a specific order of this Court directing him to do so. Among the sanctions available, dismissal is one of the most severe and should not be ordered indiscriminately. Dusha v. Commissioner,supra at 605.Nevertheless, it must be available under appropriate circumstances not merely to penalize the party for failure to comply with a Court order but also to deter other petitioners from engaging in similar conduct. Dusha v. Commissioner,supra at 605-606; National Hockey League v. Met Hockey Club,427 U.S. 639, 643 (1976). Dismissal is proper for failure to comply with this Court's discovery orders where such failure is due to willfulness, bad faith or other fault of the party. Dusha v. Commissioner,supra at 604; *116 Societe Internationale, Etc. v. Rogers,357 U.S. 197, 212 (1958). Where the evidence requested is material, failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; Hammond Packing Co. v. Arkansas,212 U.S. 322 (1909). In the circumstances of this case we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our Rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Hart v. Commissioner,730 F.2d 1206 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Rechtzugel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), *117 affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Burton v. Commissioner,T.C. Memo. 1984-99; Douglas v. Commissioner,T.C. Memo. 1983-786; Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, appeal dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595, appeal dismissed (11th Cir., June 30, 1982). Moreover, we find on this record that petitioner's total failure to comply with discovery was undertaken willfully and in bad faith. Fox v. Commissioner,718 F.2d 251 (7th Cir. 1983).[8] Respondent's Motion to Impose Sanctions will be granted. DAMAGES
The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court" amended section 6673 and made that amendment applicable *118 "to Tax Court cases begun on or after January 1, 1983." [9]
Section 6673, as amended, and as applicable to this case, provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Thus, when this Court, in its discretion, *119 determines that a proceeding has been instituted or maintained by the taxpayer primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. We have decided not to impose damages under section 6673 in this case. However, we issue this warning to petitioner. In the event he should institute another case in this Court and maintain it as he has the present case, the Court will seriously consider a damage award which could run as high as $5,000.00. [10] Respondent's oral motion for damages will be denied. An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended. ↩
3. This case was assigned pursuant to sec. 7456(c) and (d) and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
4. These represent claimed contributions to the Universal Life Church, Inc. of Modesto, California or an auxiliary thereof. We note that on August 28, 1984 the Office of the District Director, Internal Revenue Service at San Francisco, California, issued a News Release, which took effect on August 28, 1984, and which recites in pertinent part--"Universal Life Church, Inc., also known as the Universal Life Church of Modesto, California (ULCModesto), no longer qualifies for advanced assurance of the deductibility of contributions, according to Michael Sassi, Director of the Internal Revenue Service in San Francisco."↩
5. This is the sum and substance of petitioner's case. He has filed no other paper in this proceeding.↩
6. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1).
7. Attached to respondent's motion are copies of three letters he sent to petitioner in an attempt to get him to comply with the Court's discovery Rules. With one of those letters respondent enclosed a copy of the Court's Rules and copies of the following opinions of this Court-- Davis v. Commissioner,81 T.C. 806 (1983); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Murphy v. Commissioner,T.C. Memo. 1983-59; Swift v. Commissioner,T.C. Memo. 1981-713↩, all of which cases are on point here.
8. We observe that venue on appeal of this case lies in the United States Court of Appeals for Seventh Circuit.↩
9. The Committee Reports to sec. 292(b), Pub. L. 97-248, state, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload.* * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.]↩
10. This is intended to warn all persons who would institute similar proceedings and maintain them in a manner such as we see here.↩