LUCAS F. WILLIAMSON, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williamson v. Commissioner
Docket No. 35468-83.
United States Tax Court
T.C. Memo 1985-84; 1985 Tax Ct. Memo LEXIS 552; 49 T.C.M. (CCH) 821; T.C.M. (RIA) 85084; February 25, 1985. *552 Petitioner has totally failed to produce documents and answer interrogatories despite a specific order of this Court directing him to do so. Held, petitioner's failure constitutes a default under the circumstances of this case. Respondent's Motion to Impose Sanctions, seeking a judgment for default under Rule 104(c), Tax Court Rules of Practice and Procedure, is granted. Held further, in these circumstances, petitioner's position in this proceeding is groundless and it was instituted primarily for delay. Respondent's Motion for Imposition of Damages is granted and $5,000.00 is awarded to the United States. Sec. 6673, I.R.C. 1954. Lucas F. Williamson, Jr., pro se. Edith E. Siler and Phyllis Greenblum, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief *553 Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion to Impose Sanctions and respondent's Motion for Imposition of Damages. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions under Rule 104[2] and respondent's Motion for Imposition of Damages pursuant to section 6673, [3] which said motions were filed on October 1, 1984. Respondent, in his notice of deficiency issued to petitioner on October 18, 1983, determined a deficiency in petitioner's Federal income tax and additions to the tax for the taxable calendar year 1981 in the following respective amounts: Additions to Tax, I.R.C. 1954
Year
Income Tax
Section 6653(a)(1)
Section 6653(a)(2)
1981
$15,111.71
$755.59
50% of the interest
due on $15,077.71
*554 Respondent, in his deficiency notice, determined the following adjustments to petitioner's income: Contributions [4]
30,741.25
Miscellaneous Deductions
92.95
Interest Income
42.30
Dividend Income
545.46
Individual Retirement Account
500.00
$31,921.96
A timely petition was filed on December 22, 1983. Therein at paragraph 4 petitioner alleges-- "I am in disagreement with the proposed adjustments to my income made by the IRS on forms 4089 & 5278 (attached) [which refer to Forms attached to the notice of deficiency]. Contributions for the sum of $30,741.25 *555 and a negligence penalty of 5%. I have the proper documentation to verify these deductions." [5]
Respondent filed his answer on February 2, 1984, on which date the pleadings were closed. [6] More than 30 days thereafter respondent commenced formal discovery. See Rules 34, 36, 38 and 70(a)(2). Petitioner resided at 155 Harbor Drive, Chicago, Illinois on the date he filed his petition. He filed a 1981 Federal income tax return with the Internal Revenue Service. SANCTIONS
We are fully satisfied that respondent attempted to attain the objectives of formal discovery through informal requests, consultation or communication with petitioner as required by this Court's rules and the mandates of its opinions. [7] When those attempts proved fruitless respondent, on March 6, 1984, served on petitioner a 10 paragraph interrogatory request and a 7 paragraph document request. A review of those requests reveals that they seek *556 information and documents which are highly relevant and material to the issues at dispute in this case. The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the pertinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case." Zaentz v. Commissioner,73 T.C. 469, 471 (1979). When *557 petitioner totally failed to respond to respondent's discovery requests, respondent submitted motions to compel compliance therewith, which the Court filed on May 21, 1984. By Notice dated May 25, 1984 the Court gave petitioner until June 14, 1984 in which to file an objection to respondent's motion. When petitioner filed no objection the Court, on June 26, 1984, served on the parties an Order dated June 25, 1984 which recites in pertinent part-- * * * ORDERED that respondent's two above-referenced motions [i.e., motions to compel] are granted in that petitioner shall, on or before July 24, 1984, (1) serve on counsel for respondent answers to each interrogatory served upon petitioner on March 6, 1984, and (2) produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioner on March 6, 1984. It is further ORDERED that in the event petitioner does not fully comply with the provisions of this order, this Court will be inclined to impose sanctions pursuant to Tax Court Rule 104, which may include dismissal of this case and entry of a decision against petitioner. Petitioner did nothing and respondent filed *558 the motions we now consider. A copy of those motions together with a copy of a Notice of Hearing, calendaring respondent's motions for hearing at Washington, D.C. on November 7, 1984, were served on petitioner by the Court. When the case was called on November 7 petitioner did not appear, no responses to respondent's motions were filed nor had the discovery requests been responded to. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our rules and an order of this Court, petitioner has not done so and there is not one valid reason extant in this record to explain his total failure to comply. He has, in essence, ignored and defied our order of June 25, 1984, and, by his inexcusable conduct, shown complete and utter disrespect for our rules and an order of this Court. Indeed, petitioner's total failure to act has worked to his detriment. As we view *559 this record, respondent's discovery requests sought information and documents relevant and material to the issues at dispute. Petitioner simply made no attempt to comply with those requests despite a specific order of this Court directing him to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows-- (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provision of Rule 71, 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. Rule 104(a) and (c) provide various sanctions for failure to respond to discovery requests and for failure to comply with discovery orders. The sanctions for each are the same and are enumerated in Rule 104(c). Where no discoverey order is outstanding dismissal is appropriate only upon total failure to respond to discovery requests. However, where a party fails to comply with a Court order *560 dismissal may be appropriate even though there has been a partial response. Dusha v. Commissioner,82 T.C. 592, 602-604 (1984), which was reviewed by the Court. Here, petitioner has, without justification, totally refused to respond to respondent's discovery requests in spite of a specific order of this Court directing him to do so. Among the sanctions available, dismissal is one of the most severe and should not be ordered indiscriminately. Dusha v. Commissioner,supra at 605. Nevertheless, it must be available under appropriate circumstances not merely to penalize the party for failure to comply with a Court order but also to deter other petitioners for engaging in similar conduct. Dusha v. Commissioner,supra at 605-606; National Hockey League v. Met. Hockey Club,427 U.S. 639, 643 (1976). Dismissal is proper for failure to comply with this Court's discovery orders where such failure is due to willfulness, bad faith or other fault of the party. Dusha v. Commissioner,supra at 604; Societe Internationale, Etc. v. Rogers,357 U.S. 197, 212 (1958). Where the *561 evidence requested is material, failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; Hammond Packing Co. v. Arkansas,212 U.S. 322 (1909). In the circumstances of this case we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Hart v. Commissioner,730 F.2d 1206 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); *562 Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978). [8]
We find on this record that petitioner's total failure to comply with discovery was undertaken willfully and in bad faith. Fox v. Commissioner,718 F.2d 251 (7th Cir. 1983). [9] Respondent's Motion to Impose Sanctions will be granted, this case will be dismissed and a judgment for default will be entered. *563 DAMAGES
The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court" amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983." [10]
*564 Section 6673, as amended, and as applicable to this case, provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Thus, when this Court, in its discretion, determines that a proceeding has been instituted or maintained by the taxpayer primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. Rule 34(b) states in relevant part-- * * * (b) Content of Petition in Deficiency or Liability Actions: The petition in a deficiency or liability action shall contain * * *: (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments *565 of error * * *. The petition in this case does not contain a single justiciable fact, nor has petitioner otherwise asserted any justiciable fact which would support his claim that any of respondent's determinations are erroneous. While we agree that the allegations quoted hereinbefore in paragraph 4 of the petition assert error in a broad sense respecting respondent's determinations, we are compelled to find that no justiciable facts pertaining thereto are to be found anywhere in the petition nor anywhere else in this record. The language "I have proper documentation to verify these deductions" is nothing more than a conclusion, not facts as mandated by our Rule 34(b)(5). The word "groundless" is a word of common usage and is defined in Webster's Third New International Dictionary Unabridged as--"having no ground or foundation: lacking cause or reason for support." Here, where no facts are pleaded and no facts are otherwise placed in this record, and we have a refusal to obey a court order, the only inference we can draw from the existing record is that petitioner's position in this proceeding is groundless, and the conclusion is inescapable that this proceeding was instituted *566 primarily for delay. [11]
In accord with the foregoing, we conclude that this proceeding was instituted primarily for delay; that petitioner's position herein is groundless; that damages in the amount of $5,000.00 are appropriate; and, therefore, in our discretion, damages in that amount will be awarded to the United States under section 6673. [12]
An appropriate order and decision *567 will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. These represent claimed contributions to the Universal Life Church, Inc. of Modesto, California. We note that on August 28, 1984 the Office of the District Director, Internal Revenue Service at San Francisco, California, issued a News Release, which took effect on August 28, 1984, and which recites in pertinent part--"Universal Life Church, Inc., also known as the Universal Life Church of Modesto, California (ULCModesto), no longer qualifies for advanced assurance of the deductibility of contributions, according to Michael Sassi, Director of Internal Revenue Service in San Francisco."↩
5. This is the sum and substance of petitioner's case.↩
6. Although petitioner has been served with a copy of all pleadings, motions, notices and orders extant in this case he has not filed a single paper in this proceeding since the petition was filed.↩
7. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1).
8. See also, Baranski v. Commissioner,T.C. Memo. 1984-639; Kuhn v. Commissioner,T.C. Memo. 1984-638; Romano v. Commissioner,T.C. Memo. 1984-568; Figura v. Commissioner,T.C. Memo. 1984-567; Burton v. Commissioner,T.C. Memo. 1984-99; Douglas v. Commissioner,T.C. Memo. 1983-786; Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, appeal dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo, 1981-595↩, appeal dismissed (5th Cir., June 30, 1982).
9. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Seventh Circuit.↩
10. The Committee Reports to sec. 292(b), Pub. L. 97-248, state, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.] Although amended sec. 6673 was initially effective only for an action or proceeding commenced in this Court after December 31, 1982, the statute now permits damages to be awarded under sec. 6673 as amended where a proceeding was commenced priorto↩ January 1, 1983 and continues to be maintained as of November 15, 1984. Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 496, sec. 160, amending TEFRA Act sec. 292(e)(2).
11. Petitioners with worthwhile controversies before this Court have been delayed while we considered this case.↩
12. See Snodgrass v. Commissioner,T.C. Memo. 1984-435, involving three proceedings which were consolidated where a $7,500 damage award was made, $2,500 for each proceeding; and Clark v. Commissioner,T.C. Memo. 1984-326. See and compare, McCabe v. Commissioner,T.C. Memo. 1985-34, which involved two proceedings where in one the Court made a $4,000 damage award for refusal to comply with a Court order directing petitioners to produce documents and, in the other, a $1,000 damage award was made for failure properly to prosecute; and Wedeking v. Commissioner,T.C. Memo. 1984-530↩, where a $5,000 damage award was made.