48 F.3d 1219
 75 A.F.T.R.2d 95-1498, 95-1 USTC P 50,227
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles S. McFERREN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.
 No. 94-1035.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1995.
 
 Before: MERRITT, Chief Circuit Judge; BROWN and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This pro se petitioner appeals the U.S. Tax Court's finding that he is liable for a tax deficiency; he appeals as well the tax court's denial of a continuance of his trial. For the reasons set forth below, this Court affirms the findings of the tax court.
 
 
 2
 On March 25, 1991, the Internal Revenue Service (IRS) assessed the petitioner for unpaid taxes and tax penalties covering the years 1983 through 1987. Petitioner had pled guilty in 1989 to conspiracy to possess with intent to distribute cocaine and conspiracy to distribute cocaine, illegal possession of firearms, and evasion of his 1983 federal income taxes. On June 19, 1991, petitioner contested the IRS tax assessment by filing a petition in the U.S. Tax Court. Petitioner is now, and throughout the proceedings in this case has been, incarcerated at the Federal Correctional Institute in Milan, Michigan.
 
 I.
 
 3
 The essence of petitioner's first contention is that his right to counsel has been violated because the tax court did not grant him a continuance of trial after the court declined to recognize his counsel. Even if there is a right to counsel in civil tax court proceedings, however, we find that the tax court's refusal to grant petitioner a continuance of his trial was not erroneous and did not violate any such right.
 
 
 4
 "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." Ungar v. Sarafite, 376 U.S. 575, 589 (1964) (emphasis added) (citing Avery v. Alabama, 308 U.S. 444 (1940)). There is no bright line test to determine when the denial of a continuance is arbitrary; therefore the circumstances of each case must be examined to determine whether the court's action was arbitrary. Id.
 
 
 5
 In this case, petitioner's first motion for a continuance of trial was granted, and the trial rescheduled. Trial was again rescheduled when petitioner's first counsel withdrew and his second counsel was substituted. At the time petitioner's second counsel undertook representation of petitioner, he was questioned by the trial court and specifically stated that although he was not admitted to practice before the Tax Court, he had filed all necessary documents for obtaining admission and had no reason to believe he would be denied admission.[1] However, despite repeated inquiries by the trial court throughout the proceedings before it, including several telephone calls to his office, counsel never obtained admission to the Tax Court. In addition, petitioner's second counsel missed numerous court deadlines, including the filing of a status report, the filing of a trial memorandum, and attendance at a pretrial conference.
 
 
 6
 Tax Court Rule 134 permits the tax court to grant continuances on motion or at its own initiative. Rule 134 states in part:
 
 
 7
 Court action, on cases or matters set for hearing or trial ... will not be delayed by a motion for continuance unless it is timely, sets forth good and sufficient cause, and complies with all applicable Rules. Conflicting engagements of counsel or employment of new counsel will not be regarded as ground for continuance unless the motion for continuance ... satisf[ies] this Rule, is filed promptly after notice is given of the hearing or trial ... or unless extenuating circumstances for later filing are shown which the Court deems adequate.
 
 
 8
 Petitioner relies on Tax Court Rule 134 and cites Anderson v. Sheppard, 856 F.2d 741 (6th Cir.1988), in support of his claim that the trial court erred in denying him a continuance. In that case, this Court held that the trial court had abused its discretion when it failed to allow the plaintiff a reasonable time to obtain counsel after plaintiff's counsel withdrew two days before the scheduled trial. Anderson is clearly distinguishable, however, from the case at hand. In Anderson the trial judge had permitted plaintiff's counsel to withdraw just two days before trial was to begin. In addition, we held that the trial judge in Anderson displayed hostility and bias against the plaintiff. Under the circumstances of that case, we found the actions of the trial court to be unreasonable. Id. at 747.
 
 
 9
 In this case, the trial judge did not permit petitioner's counsel to withdraw. Rather, the court followed its own published rules which necessarily prevented the court from recognizing petitioner's attorney at petitioner's trial. Furthermore, the trial judge did not show any hostility or bias toward petitioner or his second counsel. On the contrary, the judge went out of his way to continuously inquire of petitioner's attorney, including numerous phone calls to the attorney's office, of his progress in gaining admittance to the Tax Court Bar. The trial court showed great restraint and indulgence in dealing with petitioner's and his attorney's ongoing delays and unresponsiveness.
 
 
 10
 Petitioner argues that he was completely reliant on his attorney and was unaware of the attorney's admittedly egregious behavior. We conclude, however, that petitioner was entirely aware of his attorney's conduct. From the outset of the case he knew that his chosen second counsel had not yet been admitted to the bar of the Tax Court; petitioner was present at the original July 6, 1993 pretrial (which his attorney did not attend) and the rescheduled pretrial, at which the tax court inquired about petitioner's attorney's status before the Tax Court bar. At the second pretrial, counsel acknowledged that he had not yet been admitted. Furthermore, during the proceedings, the tax court issued two separate orders to petitioner compelling the production of documents and interrogatories and ordering that anything short of full compliance by petitioner could result in the imposition of sanctions. Despite these court orders, petitioner and his attorney continued to fail to respond to interrogatories or the production of documents. Petitioner cannot claim ignorance of his counsel's performance.
 
 
 11
 Petitioner has not set forth sufficient reason for a continuance. Nor is petitioner's attorney's behavior an extenuating circumstance when petitioner was clearly aware of the ongoing problem. Consequently, the tax court did not err by refusing to grant a continuance to petitioner.
 
 
 12
 Petitioner next contends that the tax court improperly imposed sanctions pursuant to Rule 104. Tax Court Rule 104 states in relevant part:
 
 
 13
 (c) Sanctions. If a party ... fails to obey an order made by the Court with respect to the provisions of Rule 71, 72, ..., then the Court may make such orders as to the failure as are just, and among others the following:
 
 
 14
 (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party.
 
 
 15
 Tax Court Rule 104 (emphasis added).
 
 
 16
 At the trial of petitioner's case, petitioner's counsel appeared in court, but still could not show that he had been admitted to the Tax Court bar. The court ruled that it could not recognize petitoner's counsel and that petitioner must proceed on his own in the trial proceeding. The court also granted the Commissioner of Internal Revenue's oral motion for sanctions by striking petitioner's assignments of error other than those issues on which the Commissioner of Internal Revenue (Commissioner) bore the burden of proof. Since petitioner's assignments of error were stricken, the tax deficiencies and additions to tax (other than the additions for fraud) were affirmatively established.
 
 
 17
 At trial, the Commissioner presented evidence establishing the amounts of petitioner's tax deficiencies and that the deficiency was attributable to fraud. Petitioner did not provide any documentation or support to contest the tax deficiency or the finding of fraud either during the earlier IRS investigation or during the October 22nd trial. Consequently, the tax court found that the Commissioner had met its burden of proving by clear and convincing evidence that petitioner was liable for the additions to tax for fraud determined by the IRS.
 
 
 18
 The Sixth Circuit has recognized the ability to impose sanctions under Tax Court Rule 104, including the option of entering a dismissal or a default judgment as a sanction for failure to obey discovery orders. Smith v. Commissioner, 926 F.2d 1470, 1476 n. 11 (6th Cir.1991). In the case at hand, the trial court found explicitly that petitioner failed to comply with repeated discovery orders and found implicitly that this failure resulted willfully and in bad faith.
 
 
 19
 Upon careful review of the record, we find that the tax court did not err in imposing sanctions against petitioner. First, the imposition of sanctions pursuant to Tax Court Rule 104 is clearly within the discretion and authority of the tax court. Aruba Bonaire Curacao Trust Co. v. Commissioner, 777 F.2d 38, 43 (D.C.Cir.1985), cert. denied, 475 U.S. 1086 (1986); Fox v. Commissioner, 718 F.2d 251, 254-55 (7th Cir.1983). And second, we hold that the findings of willfulness and bad faith, including the implicit finding that the willful, bad faith failure to respond to discovery requests was the fault of the petitioner, are not clearly erroneous. See Fox, 718 F.2d at 256 (Seventh Circuit held that trial court had implicitly found willful and bad faith conduct because sanctioned party's counsel had consistently failed to cooperate or communicate with the IRS). We hold further that the court gave sufficient warning to petitioner that sanctions would be imposed for noncompliance with the court's orders to compel. Consequently, the trial court did not err by imposing the sanction of striking assignments of error on which the petitioner bore the burden of proof.
 
 
 20
 Finally, petitioner contends that "a reversal of the Tax Court's granting of Appellee's oral motion for sanctions would change the outcome of the trial." Brief of Petitioner at 5. Petitioner claims that he was prejudiced by his lack of counsel at trial.
 
 
 21
 The IRS's tax deficiency determinations "are presumed correct." Smith v. Commissioner, 926 F.2d at 1474 (citations omitted). "The taxpayer therefore bears the burden of proving otherwise." Id. Although petitioner claims he can present evidence to disprove the tax deficiencies charged to him, he has not given any indication or hint of such evidence. On the contrary, the record strongly supports the allegations of the Commissioner and the findings of the tax court.
 
 
 22
 The tax court further found that the Commissioner proved by clear and convincing evidence that petitioner was liable for additional tax penalties for fraud. Unless a finding of fraud by the tax court is clearly erroneous, it will not be overturned on appeal. United States v. Walton, 909 F.2d 915, 926 (6th Cir.1990); Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir.1990). Here, the tax court thoroughly and carefully analyzed the IRS's allegation of fraud. The court examined indicia of guilt, or "badges of fraud"[2] and determined that some of petitioner's underpayment in each year was attributable to fraud. These findings are not clearly erroneous. Consequently, we affirm the tax court's finding of fraud.
 
 II.
 
 23
 For the foregoing reasons, the findings of the tax court are AFFIRMED.
 
 
 
 [1]
 Tax Court Rule 24(a)(4) requires that an attorney be admitted to practice before the Tax Court before he or she may file an effective appearance with the court
 
 
 [2]
 As the tax court stated: "The 'badges of fraud' in the instant case are plentiful for each year in issue. These 'badges' include that Petitioner did not file a Federal income tax return; concealed assets; failed to cooperate with the tax authorities; engaged in illegal activities; attempted to conceal activities; dealt in cash; and failed to make estimated tax payments."